# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 12, 2016 Session

## DENNIS MIRACLE v. ROGER MURRAY, et al.

**Appeal from the Chancery Court for Roane County**
**No. 2014-137      Frank V. Williams, III, Chancellor**

---

### No. E2015-01248-COA-R3-CV – Filed February 12, 2016

---

This is an appeal from a Final Order and Judgment in a case arising out of a dispute over real property located in Roane County, Tennessee. There was no court reporter present for the trial. The Chancellor recused himself from the case post-judgment but before the record was prepared and transmitted for this appeal. The Circuit Court Judge accepted the case by interchange for purposes of resolving the parties' dispute regarding a statement of the evidence for inclusion in the record. The Circuit Court Judge concluded that he was unable to resolve the parties' dispute pursuant to Rule 24(f) of the Rules of Appellate Procedure, and granted a new trial. As a result, there is no longer a final judgment in the proceedings below, and this Court no longer has jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, C.J., JOHN W. MCCLARTY, J., AND THOMAS R. FRIERSON, II, J.

Roger Murray, Harriman, Tennessee, appellant, *pro se*.

Mark N. Foster, Rockwood, Tennessee, for the appellee, Dennis Miracle.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

After being advised by the Trial Court Clerk of the order granting the parties a new trial, this Court directed the *pro se* appellant to show cause why this appeal should not be dismissed for lack of jurisdiction as there was no longer a final judgment "adjudicating all the claims, rights, and liabilities of the parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). The appellant has filed no response to the show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Because it is clear that there is no longer a final judgment in this case, the appeal is dismissed. Costs on appeal are taxed to the appellant, Roger Murray, for which execution may issue if necessary.

**PER CURIAM**